UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20317-CIV-MARTINEZ/AOR

BYRON ATKINSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Carnival" or "Defendant") Motion for Summary Judgment [D.E. 57]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 107]. The undersigned held a hearing on this matter on December 16, 2021 [D.E. 115]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Byron Atkinson ("Atkinson" or "Plaintiff") brings a single negligence claim against Defendant, based on an incident that occurred on May 16, 2019 during a cruise aboard the Carnival vessel *Sunshine* (hereafter, "*Sunshine*"). See Complaint [D.E. 1 at 2]. Plaintiff alleges that, while traversing the Cucina del Capitano restaurant on the *Sunshine*'s Lido Deck, he "lost his footing on a wet and/or slippery surface that was not objectively perceivable," causing him to suffer "traumatic injuries that included, but are not limited to, a right knee sprain and torn ligaments in his ankle." Id.

Plaintiff alleges the following laundry list of bases for his negligence claim against Defendant:

a. Failing to keep and maintain the decks, walkways, and adjacent areas in a reasonably safe condition so as to help prevent hazards to its passengers; and/or

b. Failing to inspect, clean, keep, and maintain the subject area in a reasonably safe condition; and/or

c. Failing to take proper precautions for the safety of the passengers entering the subject area; and/or

d. Failing to warn Plaintiff of the risk-creating and/or hazardous conditions of its decks, walkways, and the adjacent areas; and/or

e. Failing to have adequate policies and procedures in place for inspection, cleaning, and maintenance of its decks, walkways, and the adjacent areas; and/or

f. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by Defendant and which in the exercise of reasonable care should have been known by Defendant; and/or

g. Negligently designing the *Sunshine*'s decks, walkways, entryways, and floor plans as it relates to the deck's slip-resistance or propensity to cause the accumulation of slippery substances/liquids in the walking path of passengers who are required by Defendant to use these walkways in order to get to other parts of the ship; and/or

h. Failing to adequately train its crew to keep its decks, walkways, and the adjacent areas clean and free of hazards; and/or

i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, repair, clean, and maintain the area of the ship where Plaintiff's incident occurred relating to the slippery nature of the deck; and/or

j. Failing to treat its decks, walkways, and adjacent areas to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous; and/or

k. Failing to comply with applicable industry standards, statutes, or regulations, the violation of which is negligence per se and/or evidence of negligence; and/or

l. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

 m. Failing to properly and safely instruct passengers traversing the subject area of the risks involved with the use of decks when a known danger is present; and/or

 n. Failing to properly and adequately supervise the passengers traversing the subject area when a known danger is present; and/or

 o. Failing to take proper precautions for the safety of passengers when encouraging passengers to traverse the subject area when a known danger is present; and/or

 p. Failing to promulgate and/or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing the subject area when a known danger is present; and/or

 q. Failing to promulgate and/or enforce rules or procedures to ensure that crewmembers are adequately supervising the subject area when a known danger is present; and/or

 r. Failing to engage proper and reasonable safeguards to prevent passengers from being injured while traversing the subject area; and/or

 s. Failing to warn passengers of the dangers of traversing wet or slippery floors; and/or

 t. Failing to adequately train its employees/agents whose duty it was to warn passengers traversing the subject area of the inherent and unreasonable dangers and risks associated with the use of the subject area; and/or

 u. Failing to adequately convey to passengers the risk of serious injury from traversing the slippery area; and/or

 v. Failing to adequately inspect and/or maintain the subject area, so as to ensure that the subject area was reasonably safe for passengers to use; and/or

 w. Failing to promulgate and/or enforce adequate policies and/or procedures regarding the inspection and/or maintenance to identify and/or warn passengers of the risk-creating condition in the subject area; and/or

 x. Failing to control the number of guests in the subject area; and/or

 y. Otherwise negligently failing to exercise reasonable care.

Id. at 3–6. Defendant seeks summary judgment on the grounds that Plaintiff has failed to meet his burden of proof as to five issues: the openness and obviousness of the alleged dangerous condition; actual or constructive notice of the alleged dangerous condition; negligent maintenance of the alleged dangerous condition; negligent design of the alleged dangerous condition; and proximate

3

causation.  See Defendant's Motion for Summary Judgment [D.E. 57].

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party."  Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015).  "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no *genuine* issue of *material* fact.'"  Weiner v. Carnival Cruise Lines, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (emphasis in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  Indeed,

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1354 (S.D. Fla. 2013) (alterations in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  Hence, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252.

"A carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence." Weiner, 2012 WL 5199604, at *2.  To prove a claim for negligence, the plaintiff

must establish: "(1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." Isbell v. Carnival Corp., 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006). When the incident upon which the negligence action is based "occurred aboard a cruise ship, these elements must be evaluated by reference to federal maritime law." Weiner, 2012 WL 5199604, at *2.

"It is a settled principle of maritime law that a shipowner owes passengers the duty of exercising reasonable care under the circumstances." Isbell, 462 F. Supp. 2d at 1237 (citing Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959)). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir. 1989); see also Williams v. Carnival Corp., 440 F. Supp. 3d 1316, 1319 (S.D. Fla. 2020) (same). Thus, the carrier's liability "'hinges on whether it knew or should have known' of the dangerous condition." Carroll v. Carnival Corp., 955 F.3d 1260, 1264 (11th Cir. 2020) (citing Keefe, 867 F.2d at 1322).

Actual notice exists when the defendant knows of the risk-creating condition. See, e.g., Adams v. Carnival Corp., No. 08-22465-CIV, 2009 WL 4907547, at *4 (S.D. Fla. Sept. 29, 2009) ("To be sure, the record contains no evidence to show that Carnival actually knew of a defect in the chair."). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." Bencomo v. Costa Crociere S.P.A. Co., No. 10-62437-CIV, 2011 WL 13175217, at *2 (S.D. Fla. Nov. 14, 2011), aff'd, 476 F. App'x 232 (11th Cir. 2012). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused

the prior accident.'" Guevara v. NCL (Bahamas) Ltd., 920 F.3d 710, 720 (11th Cir. 2019) (quoting Jones v. Otis Elevator Co., 861 F.2d 655, 661–62 (11th Cir. 1988)).

"Regardless of notice, however, there is no duty to warn of dangers that are open and obvious." Williams, 440 F. Supp. 3d at 1319 (quoting Plott v. NCL Am., LLC, 786 F. App'x 199, 202 (11th Cir. 2019)). "An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." Carroll, 955 F.3d at 1264 (quoting Guevara, 920 F.3d at 720 n.5). The "reasonable person" standard is applied to evaluate whether a danger is "open and obvious." Carroll, 955 F.3d at 1264.

"With respect to a negligent maintenance claim, the 'shipowner may still be liable for maintaining a dangerous condition even if the danger was obvious.'" Andersen v. Royal Caribbean Cruises Ltd., No. 19-cv-24639, 2021 WL 2414151, at *9 (S.D. Fla. June 14, 2021) (quoting Amy v. Carnival Corp., 961 F.3d 1303, 1308 (11th Cir. 2020)). Yet "[i]t is well-settled that, as a prerequisite to imposing liability on a negligent maintenance claim, a cruise ship operator must be on notice of the allegedly dangerous condition." Francis v. MSC Cruises, S.A., No. 18-61463-CIV, 2021 WL 2661149, at *3 (S.D. Fla. June 29, 2021) (citing Guevara, 920 F.3d at 723).

Finally, "[u]nder the law in this circuit, [a cruise ship operator] can be liable only for negligent design . . . if it had actual or constructive notice of such hazardous condition." Groves v. Royal Caribbean Cruises, Ltd., 463 F. App'x 837, 837 (11th Cir. 2012) (citing Keefe, 867 F.2d at 1322). Further, "liability based on negligent design requires [the] [p]laintiff to produce evidence that the [d]efendant 'actually created, participated in *or approved*' the alleged improper design." Hoover v. NCL (Bahamas) Ltd., 491 F. Supp. 3d 1254, 1257 (S.D. Fla. Sept. 29, 2020) (emphases in original) (quoting Groves, 463 F. App'x at 837).

6

**DISCUSSION**

As noted above, Defendant seeks summary judgment on the grounds that Plaintiff has not met his burden of proof as to the issues of: openness and obviousness; notice; negligent maintenance; negligent design; and proximate causation. The undersigned discusses each of these issues in turn.

1. *<u>Openness and obviousness</u>*

In its Motion for Summary Judgment, Defendant argues that Plaintiff has failed to establish that Defendant breached a duty of reasonable care to Plaintiff when Defendant did not warn Plaintiff of the alleged dangerous floor condition. <u>See</u> Defendant's Motion for Summary Judgment [D.E. 57 at 5–6]. Specifically, Defendant argues that "as a matter of law, a cruise line has 'no duty to warn Plaintiff about something that [he] should have noticed through the ordinary use of [his] senses.'" <u>Id.</u> at 10 (citing <u>Poole v. Carnival Corp.</u>, 2015 U.S. Dist. LEXIS 45927, at *12 (S.D. Fla. Apr. 8, 2015)). Defendant contends that "the visible existence of a hypothetical wet spot on tile flooring is a condition that is 'open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight,'" thereby precluding the imposition of a duty to warn Plaintiff of the condition. <u>See</u> Defendant's Motion for Summary Judgment [D.E. 57 at 10] (citing <u>Taiariol v. MSC Crociere, S.A.</u>, 2016 U.S. Dist. LEXIS 48966, at *9 (S.D. Fla. Apr. 12, 2016)).

Plaintiff initially argues that "the issue of openness and obviousness of the danger is a fact issue which cannot be disposed of by summary judgment." <u>See</u> Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (hereafter, "Response") [D.E. 65 at 2] (citing <u>Johns v. Pettibone Corp.</u>, 769 F.2d 724, 726 (11th Cir. 1985); <u>Johnson v. Carnival Corp.</u>, No. 07-20147-CIV, 2007 WL 9624463, at *3 (S.D. Fla. Dec. 13, 2007)). Plaintiff further argues that the Eleventh

7

Circuit has held that "the Third Restatement of Torts treats the open and obvious nature of a dangerous condition as a factor to be considered in a comparative fault analysis—not as a bar to liability for negligently maintaining premises." See Response [D.E. 65 at 3] (quoting Carroll, 955 F.3d at 1268). However, the Eleventh Circuit has "routinely upheld summary judgements based upon a determination of openness and obviousness, despite the role of comparative negligence in maritime tort law." Roberts v. Carnival Corp., No. 19-cv-25281, 2021 WL 3887819, at *6 (S.D. Fla. May 25, 2021) (citing Krug v. Celebrity Cruises, Inc., 745 F. App'x 863, 866 (11th Cir. 2018); Leroux v. NCL (Bahamas) Ltd., 743 F. App'x 407, 408 (11th Cir. 2018)). Therefore, consideration of summary judgment on this issue is appropriate.

Plaintiff next argues that "the question is not whether a condition itself was open and obvious, but whether the **danger** of the condition was open and obvious." See Response [D.E. 65 at 4] (emphases in original). In making this argument, Plaintiff relies on the Declaration of Natasha Miller ("Ms. Miller") (hereafter, "Miller Declaration") [D.E. 65-1], a witness to Plaintiff's incident, who testified that, although she observed from her seat in the restaurant that "the floor where [Plaintiff] slipped and fell still appeared to be wet and shiny," "the wetness and shininess of the surface was not apparent as [she] approached it, and would not have been apparent from the angle [Plaintiff] would have been facing prior to and during his incident." See Miller Declaration [D.E. 65-1 ¶ 10]. Plaintiff contends that this declaration, coupled with the lack of wet floor signs in the subject area, supports his position that the danger was not apparent to him and, therefore, was not open and obvious. See Response [D.E. 65 at 5]; see also Declaration of Byron Atkinson (hereafter, "Atkinson Declaration") [D.E. 65-2 ¶ 5] (stating that "if there had been an adequate wet floor sign in the area, I would have been able to see the sign, and would not have walked through

8

the area, as I was carrying my infant son and was concerned about his safety").[1] Thus, according to Plaintiff, a genuine issue of material fact exists as to "whether a reasonable person, such as Plaintiff, should have appreciated the extent of [the] danger posed by the subject [floor]." See Response [D.E. 65 at 5]. Additionally, Plaintiff testified at his deposition that it was only after he fell that he noticed "a wet [and clear] substance on the floor" in a "puddle . . . the size of the tile" and that his shorts were wet. See Deposition of Byron Atkinson (hereafter, "Atkinson Deposition") [D.E. 57-1 at 61:10–62:16].

Viewing all of this evidence in the light most favorable to Plaintiff, and applying the "reasonable person" standard, Carroll, 955 F.3d at 1264, it cannot be said, as a matter of law, that Plaintiff would have clearly seen the substance on the floor of the Cucina del Capitano restaurant that caused his pants to get wet when he fell. See Williams, 440 F. Supp. 3d at 1321 ("Based on this record, and in the light most favorable to Williams, we cannot conclude, as a matter of law, that a reasonably prudent person through the exercise of common sense and the ordinary use of her senses would have clearly seen a colorless puddle of water in a dark area just because there was some discoloration on other sections of the deck nearby."); see also Haiser v. MSC Cruises (USA) Inc., 18-CV-60964, 2019 WL 4693200, at *4 (S.D. Fla. Aug. 9, 2019) ("Plaintiff's inability to herself 'identify whether there was a foreign substance on the floor prior to her [fall] . . . does not necessitate the conclusion that her theory of liability is entirely hypothetical.'") (alterations in original) (quoting Merideth v. Carnival Corp., 49 F. Supp. 3d 1090, 1093 (S.D. Fla. 2014)).

Based on the foregoing analysis, Defendant is not entitled to summary judgment on the issue of openness and obviousness.

---

[1] On January 5, 2022, the undersigned found that this portion of the Atkinson Declaration does not meet the requirements of a sham affidavit and denied Defendant's Motion to Strike the Atkinson Declaration [D.E. 73] as to this paragraph. See Order re: Motion to Strike [D.E. 116 at 4].

2. *<u>Actual or constructive notice</u>*

Next, Defendant argues that Plaintiff has failed to establish that Defendant had actual or constructive notice of the alleged dangerous floor condition.  <u>See</u> Defendant's Motion for Summary Judgment [D.E. 57 at 11].  According to Defendant, Plaintiff's "'mere implication' of actual or constructive notice, without more, cannot survive Defendant's motion for summary judgment."  <u>Id.</u> at 11–12 (quoting <u>Adams</u>, 2009 WL 4907547, at *5).  Specifically, Defendant relies on <u>Weiner v. Carnival Cruise Lines</u>, 2012 U.S. Dist. LEXIS 151395, at *2 (S.D. Fla. Oct. 22, 2012), in which the court granted summary judgment in favor of Defendant when "no water or other liquid substance was found by [the plaintiff], his wife, or any crew member aboard the ship in the moments immediately after the accident."  <u>See</u> Defendant's Motion for Summary Judgment [D.E. 57 at 12] (quoting <u>Weiner</u>); <u>see</u> <u>also</u> Defendant's Notice of Filing Supplemental Authority [D.E. 114] (citing <u>Cogburn v. Carnival Corp.</u>, 2021 U.S. Dist. LEXIS 73927, at *8–9 (S.D. Fla. Apr. 16, 2021) and <u>Prather v. NCL (Bah.) Ltd.</u>, 2020 U.S. Dist. LEXIS 136565, at *3 (S.D. Fla. July 31, 2020)) (standing for a similar proposition).

Defendant argues that the facts in this case are similar to those in <u>Weiner</u> because the attending crewmember at the Cucina del Capitano restaurant, Aleksandra Mojsoska ("Ms. Mojsoska") testified that she: did not find "anything on the floor"; did not recall any spills in the restaurant on the day of Plaintiff's fall; and did not recall ever seeing anybody slip in the subject area since she started working for Defendant in 2016.  <u>See</u> Defendant's Motion for Summary Judgment [D.E. 57 at 12] (quoting Deposition of Aleksandra Mojsoska (hereafter, "Mojsoska Deposition") [D.E. 57-2 at 26:10–16, 28:17–29:11, 34:13–15]).  According to Defendant, "Plaintiff merely alleges the presence of some liquid that got on his shorts when he fell" and otherwise "fail[s] to show that Carnival knew about the alleged liquid" on the subject floor.  <u>See</u>

Defendant's Motion for Summary Judgment [D.E. 57 at 13].

Plaintiff counters that Defendant had notice of the alleged dangerous condition for four reasons: at least one prior incident aboard the *Sunshine* put Defendant on notice of the same danger Plaintiff experienced; the evidence suggests that a crewmember was mopping the subject area in the minutes leading up to Plaintiff's fall; industry standards concerning the tile floor on which Plaintiff fell and Defendant's own policies and procedures establish that Defendant should have known of the alleged dangerous condition; and one of Defendant's safety videos contains a warning that proves that Defendant had actual or constructive knowledge of the alleged dangerous condition.  See Response [D.E. 65 at 5–15].  Plaintiff further contends that, notwithstanding this evidence, he "does not actually have to prove notice" because Plaintiff "is attempting to hold Defendant liable for the negligence of its crewmember who was mopping approximately ten minutes prior to Plaintiff's incident, but who failed to put a wet floor sign out during and after [mopping]."  See id. at 15.  The undersigned discusses each of these counterarguments in turn.

   a. *Prior incidents*

As noted above, "a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'"  Guevara, 920 F.3d at 720 (quoting Jones, 861 F.2d at 661–62); see also Darby v. Carnival Corp., No. 19-21219-CIV, 2021 WL 6424631, at *7 (S.D. Fla. Dec. 3, 2021), report and recommendation adopted, 2022 WL 108597 (S.D. Fla. Jan 11, 2022) (same). Plaintiff proffers one prior incident in the Cucina del Capitano restaurant as evidence that Defendant was on constructive notice of the alleged dangerous condition in this case.  According to Plaintiff, on March 31, 2017, a passenger "tripped on **carpet** floor" in the Cucina del Capitano restaurant, "lost her balance[,] and fell forward, hitting her left knee on a wooden [chair] edge and

11

sustain[ing] a laceration." See Response [D.E. 65 at 6–7] (emphasis added).  Plaintiff argues that "the cause of both Plaintiff's incident and the [] prior incident . . . was the same" in that "each involved a slip and fall in the exact same restaurant on the exact same surface." Id. at 8.  Plaintiff also cites Whelan v. Royal Caribbean Cruises Ltd., 12-cv-22481, 2013 WL 5583966 (S.D. Fla. Aug. 16, 2013), in which the court held, in part, that six prior incidents "were substantially similar for the purpose that [the plaintiff sought] to introduce them: notice of passengers tripping on [a] single step." Id. at *2.  Thus, Plaintiff concludes that Defendant "knew that [the Cucina del Capitano restaurant] had a propensity to have slipping hazards," which "should have alerted it to all of the risk creating conditions [in the restaurant]." See Response [D.E. 65 at 10].

However, the March 31st, 2017 prior incident in the Cucina del Capitano restaurant upon which Plaintiff relies is not substantially similar to Plaintiff's incident because it occurred on the carpet, and not on the tile floor.  Indeed, as Defendant points out, "Plaintiff's [own] liability expert, Francisco [D]e Caso, [] tested the slip resistance of the restaurant's **tile flooring**, not the carpet." See Defendant's Reply in Support of its Motion for Summary Judgment (hereafter, "Reply") [D.E. 74 at 2] (emphasis added).  The location of Plaintiff's incident on the tile floor is further confirmed by Plaintiff's own testimony and that of Ms. Miller, who witnessed the incident. See, e.g., Atkinson Declaration [D.E. 65-2 ¶ 4]; Atkinson Deposition [D.E. 57-1 at 45:20–22]; Miller Declaration [D.E. 65-1 ¶ 10].

Thus, the March 31st, 2017 prior incident was not sufficient to place Defendant on constructive notice of the alleged dangerous condition. See, e.g., Sorrels v. NCL (Bahamas) Ltd., 796 F.3d 1275, 1288 (11th Cir. 2015) (affirming district court's decision to not consider 22 prior incidents in part because none of them had occurred where the plaintiff fell).

  *b. Crewmember's mopping of the floor*

  Plaintiff next argues that "testimony from Defendant's employees is sufficient to create an issue of fact on notice." See Response [D.E. 65 at 10]. According to Plaintiff, the facts in this case are similar to those in Aponte v. Royal Caribbean Cruise Lines Ltd., No. 16-16580, 2018 WL 3083730 (11th Cir. June 22, 2018). In Aponte, the Eleventh Circuit vacated summary judgment for the defendant after finding that "a reasonable factfinder could conclude that the crewmember knew or should have known about [a] puddle of soap" in the bathroom where the incident occurred because: the plaintiff testified that he saw the crewmember standing at a particular sink when he entered the bathroom; the plaintiff further testified that he slipped on a puddle of soap while reaching for the paper towel dispenser to the left of the same sink; and "these facts place[d] the crewmember in the immediate vicinity of [the] puddle of soap." Id. at *4. As a result, the Eleventh Circuit determined that "a factfinder could conclude that the crewmember knew or should have known about the puddle of soap at his feet and either removed the hazard or warned [the plaintiff] of it." Id.

  Plaintiff argues that here, as in Aponte, there is evidence that a crewmember was mopping in the same location where Plaintiff fell. See Miller Declaration [D.E. 65-1 ¶ 5] ("At least ten (10) minutes prior to Mr. Atkinson's incident, I observed a crewmember mopping the floor in the same location where Mr. Atkinson slipped ten (10) or more minutes later."). Ms. Miller further averred that, when she asked the crewmember after the incident why a wet floor sign had not been installed after mopping, the crewmember "did not verbally respond to [her], but instead laughed at [her] inquiry." Id. ¶ 7. According to Ms. Miller, this same crewmember installed a wet floor sign in the area where Plaintiff fell five minutes after the crewmember and Ms. Miller spoke. Id. ¶ 8. Thus, Plaintiff argues that "there is a genuine issue of material fact as to whether a crew member was

13

mopping [without a wet floor sign] in the exact location of Plaintiff's fall." See Response [D.E. 65 at 12].

Although the facts here are not as specific as those in Aponte, "[d]rawing all reasonable inferences in [Plaintiff's] favor, a factfinder could conclude that the crewmember knew or should have known" about the alleged dangerous condition of the tile floor and either "removed the hazard or warned [Plaintiff] of it." See Aponte, 2018 WL 3083730, at *4.

  c. *Industry standards and Defendant's policies and procedures*

Plaintiff further argues that "industry standards concerning the subject surface provide evidence that Defendant should have known of the [alleged] dangerous condition." See Response [D.E. 65 at 12]. Plaintiff relies on the report of his expert, Dr. Francisco De Caso ("Dr. De Caso"), who opined that the subject surface in the Cucina del Capitano restaurant was "an unreasonable dangerous surface [when wet], with an average slip resistance value below established minimum thresholds of safety, resulting in a hidden slip danger." See id. at 13 (citing Expert Report of Dr. De Caso [D.E. 65-5 at 22]).[2]

Plaintiff also relies on Defendant's policies and procedures, which state that the Lido Deck—where the Cucina del Capitano restaurant is located—qualifies as an "area of most potential slips and falls" and that "spills are very common in high traffic areas like Lido Restaurant/Beverage Stations . . . and are one of the leading causes of Guest Accidents." See Defendant's Policies and Procedures [D.E. 65-6, 65-7].

Defendant's policies and procedures, combined with Dr. De Caso's expert report about

---

[2] In her Order on *Daubert* Motions [D.E. 111], the undersigned denied Defendant's request to exclude Dr. De Caso's opinions, finding that his reliance on ASTM F1166-07 standards—which offer guidance on the slip resistance of floor surfaces—did not render his methodology unreliable. Id. at 6. The undersigned further noted that the Eleventh Circuit has specifically considered ASTM F1166-07 standards as "evidence of custom within a particular industry, group, or organization . . . bearing on the standard of care in determining negligence." Id. (quoting Sorrels, 796 F.3d at 1282).

the slip resistance of the tile floor, "are sufficient to allow a jury to infer that Defendant was on constructive notice of the purportedly dangerous condition (i.e., an unreasonably slippery floor which becomes especially slippery when wet)." Darby, 2021 WL 6424631, at *11.

    *d. Video warnings*

Finally, Plaintiff argues that one of Defendant's safety videos, which was played for its passengers in their cabins on the first day of the cruise, is evidence that Defendant had actual or constructive notice of the alleged dangerous condition in this case. See Response [D.E. 65 at 14]. Specifically, the safety video warns passengers to "Watch your step on wet surfaces." See id. Plaintiff relies on Frasca v. NCL (Bahamas) Ltd., 654 F. App'x 949 (11th Cir. 2016), where the Eleventh Circuit held that a safety video played in passengers' rooms that cautioned them about outside decks becoming wet and very slippery from salt spray and sea air was enough to constitute actual or constructive notice of the decks' slippery condition when wet. See id. at 953–54. However, as Defendant clarifies in its Reply, the safety video referenced by Plaintiff cautions passengers to watch their step in an area of the *Sunshine* called the Carnival WaterWorks—*not* in the Cucina del Capitano restaurant. See Reply [D.E. 74 at 5]; see also Carnival WaterWorks Rules [D.E. 65-8].

Given this clarification, Plaintiff's reliance on this safety video as evidence of constructive notice is misplaced.

    *e. Vicarious liability*

Plaintiff also contends that, pursuant to Yusko v. NCL (Bahamas), Ltd., No. 20-10452, 2021 WL 2908568 (11th Cir. July 12, 2021), he does not have to prove notice because he is "attempting to hold Defendant liable for the negligence of its crewmember who was mopping approximately ten minutes prior to Plaintiff's incident, but who failed to put a wet floor sign out

during and after doing so." See Response [D.E. 65 at 15]. However, Plaintiff acknowledges that, when pursuing a claim of vicarious liability, a plaintiff must both plead this theory of liability and be able to determine that a certain employee or agent was responsible for his harm. Id. at 16. Assuming *arguendo* that Plaintiff has included a claim based on vicarious liability in the laundry list set forth in his single negligence claim, Plaintiff has failed to adequately identify which employee or agent was purportedly responsible for creating the alleged dangerous condition. See Reply [D.E. 74 at 6–7]; see also Smith v. Carnival Corp., No. 19-cv-24352, 2021 WL 5327944, at *3 (S.D. Fla. Nov. 16, 2021) (holding that "even if [the plaintiff] had alleged vicarious liability in his [c]omplaint, the undisputed facts preclude[d] such a claim" because the plaintiff failed to establish that the employee was acting within the scope of his employment); Hodson v. MSC Cruises, S.A., No. 20-22463-CIV, 2021 WL 3639752, at *13 (S.D. Fla. Aug. 2, 2021), report and recommendation adopted, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021) ("Plaintiff submitted no evidence to prove the essential element of negligence by the purported employee.").

Having considered Plaintiff's various arguments regarding the issue of notice, the undersigned concludes that Defendant is not entitled to summary judgment on this issue due to the evidence proffered by Plaintiff of a crewmember mopping the floor and of industry standards and Defendant's policies and procedures.

### 3. *Negligent maintenance*

Defendant argues that Plaintiff's mere speculation as to Defendant's negligent maintenance is insufficient to withstand summary judgment on this claim. See Defendant's Motion for Summary Judgment [D.E. 57 at 16]. As articulated above, evidence proffered by Plaintiff of a crewmember mopping in the area prior to Plaintiff's incident, industry standards, and Defendant's policies and procedures support the conclusion that a genuine issue of material fact exists as to

whether Defendant was on notice of the alleged dangerous condition in the Cucina del Capitano restaurant on the day of Plaintiff's fall, which is required to impose liability for negligent maintenance. See Francis, 2021 WL 2661149, at *3. Therefore, Defendant is not entitled to summary judgment on the issue of negligent maintenance.

4. *Negligent design*

Finally, Defendant argues that Plaintiff "cannot affirmatively establish Defendant's direct involvement in the design process" of the subject tile floor. See Defendant's Motion for Summary Judgment [D.E. 57 at 17]. In response, Plaintiff argues that several work orders "where Defendant replace[d] the tiles in the [Cucina del Capitano] restaurant due to tile damage" show that "Defendant does indeed become involved in the purchase and installation of the subject surface." See Response [D.E. 65 at 18]; see also Work Orders [D.E. 65-11]. However, this evidence is insufficient to establish the essential element that Defendant actually "created, participated in or approved" the design of the Cucina del Capitano's floor. See Hoover, 491 F. Supp. 3d at 1257 (quoting Groves, 463 F. App'x at 837). Therefore, Defendant is entitled to summary judgment on this issue.

5. *Proximate causation*

Defendant also argues that Plaintiff cannot establish proximate causation as to Defendant's role in the incident "based upon mere sympathy and/or compassion alone." See Defendant's Motion for Summary Judgment [D.E. 57 at 15]. Defendant further argues that "Plaintiff must submit factual support to the Court in order to establish a causal connection between his injuries and Carnival's alleged breach of a supposed duty owed to him." Id. at 16.

"A defendant's breach proximately causes a plaintiff's harm when it is 'a substantial factor in bringing about the harm.'" Horne v. Lines, No. 15-21031, 2016 WL 4808791, at *5 (S.D. Fla.

17

2016) (quoting In re Royal Caribbean Cruises Ltd., 991 F. Supp. 2d 1171, 1183 (S.D. Fla. 2013)). Here, the undersigned has concluded that, contrary to Defendant's contentions, it is not entitled to summary judgment on the issues of openness and obviousness, notice, and negligent maintenance. Moreover, Plaintiff has adduced medical evidence and testimony that he experienced "pain and suffering as a direct result of his fall." See Response [D.E. 65 at 19]; Atkinson Deposition [D.E. 57-1 at 82:8–91:2; 102:14–18]; Expert Report of Dr. Cesar Ceballos [D.E. 65-12] (concluding, after performing an independent medical evaluation of Plaintiff, that Plaintiff's fall aboard the *Sunshine* caused his knee and ankle injuries).

Based on this evidence, the issue of proximate causation may not be resolved in Defendant's favor as a matter of law. Darby, 2021 WL 6424631, at *13–14 ("[T]he record evidence demonstrates a genuine issue of material fact regarding whether Defendant's alleged breaches, including the failure to warn, proximately caused Plaintiff's injuries. . . . Accordingly, Carnival has not shown that it is entitled to summary judgment on the issue of proximate cause."); see also Sosa v. Coleman, 646 F.2d 991, 995 (5th Cir. June 1, 1981) ("[E]ven where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligence causation are peculiarly questions of fact which should be determined by the jury.") (citations omitted).

Thus, Defendant is not entitled to summary judgment on the issue of proximate causation.

## **CONCLUSION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Summary Judgment [D.E. 57] be GRANTED IN PART, as to Plaintiff's claim for negligent design only; and that it be otherwise DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date

of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

      RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 1st day of February, 2022.

                                          ALICIA M. OTAZO-REYES
                                          UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
       Counsel of Record