UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-20317-CIV-MARTINEZ/OTAZO-REYES

BYRON ATKINSON,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** was referred to the Honorable Alicia M. Otazo-Reyes for a report and recommendation on Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 57). Magistrate Judge Otazo-Reyes issued a report and recommendation ("R&R") recommending that the Motion be granted in part and denied in part. (R&R, ECF No. 118). In particular, Judge Otazo-Reyes recommended that the Motion be granted in favor of Defendant as to Plaintiff's claim for negligent design, and that it otherwise be denied. (*Id.*). Plaintiff timely filed objections to the R&R stating that it agreed on most matters decided in the R&R, except for Judge Otazo-Reyes's findings as to Plaintiff's purported claim under the theory of vicarious liability. (Objections, ECF No. 122). Defendant responded to Plaintiff's Objections, (ECF No. 126), but Defendant did not file any objections to the R&R. The Court has conducted a *de novo* review of the issues presented by the Plaintiff's Objections.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to

1

which an objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2002); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Plaintiff's sole objection to the R&R is premised on the fact that the R&R misapplied the holding in *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164 (11th Cir. 2021). Judge Otazo-Reyes found that "[a]ssuming *arguendo* that Plaintiff has included a claim based on vicarious liability in the laundry list set forth in his single negligence claim, Plaintiff has failed to adequately identify which employee or agent was purportedly responsible for creating the alleged dangerous condition." (R&R at 16). She therefore did not make any findings as to whether Plaintiff had actually pled a claim for negligence under a vicarious liability theory.

In response to Defendant's Motion, Plaintiff argued that it was not required to prove that Defendant had notice, actual or constructive, of the dangerous condition because he pled negligence under a theory of vicarious liability. According to Plaintiff, the following allegations in the Complaint are sufficient to plead a negligence claim under a vicarious liability theory:

> [a]t all times material hereto, Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to Plaintiff and were negligent in one or more of the following ways . . . [f]ailing to *inspect, clean, keep and maintain* the subject area in a reasonably safe condition[.]"

(Compl. ¶ 17, ECF No. 1 (emphasis added)). In essence, Plaintiff is attempting to bring a negligent maintenance claim under a vicarious liability theory. But *Yusko* does not extend that far.

Plaintiff is correct in that *Yusko* holds that "the notice requirement does not—and was never

2

meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." 4 F.4th at 1167. However, in finding this, the Eleventh Circuit observed that:

> A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both. It may be true that, in some cases, it will [be] easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability. *But common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability.* Sometimes, as in *Keefe,* a passenger will not be able to identify any specific employee whose negligence caused her injury. *In other cases,* a passenger will seek to hold a shipowner liable for *maintaining dangerous premises* (as in *Everett*), for failing to warn of dangerous conditions off-ship (as in *Chaparro*), or for negligence related to the actions of other passengers (as in *K.T.*).

*Id.* at 1170 (emphasis added). Thus, as courts in this District have found, "*Yusko* contemplates, and this Court agrees, that claims stemming from the negligent maintenance of a ship's premises or failure to warn will be made out under a direct liability, which requires notice." *Britt v. Carnival Corp.*, No. 21-cv-22726, 2021 WL 6138848, at *4 (S.D. Fla. Dec. 29, 2021); *accord Quashen v. Carnival Corp.*, No. 20-cv-22299, 2021 WL 5978472, at *18 (S.D. Fla. Dec. 17, 2021) ("[T]he *Yusko* Court explicitly reaffirmed *Everett*'s requirement of notice for claims of negligent maintenance against shipowners[.]"). To hold otherwise would effectively eradicate the notice requirement in negligence cases under federal maritime law against Carnival or any corporate entity that almost exclusively acts through agents. *See Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 7480861, at *2 (S.D. Fla. Dec. 18, 2020). Indeed, a plaintiff would be able to "bypass the notice requirement simply by identifying an employee involved in Carnival's mere creation or maintenance of a defect." *Quashen*, 2021 WL 5978472, at *18. The Court therefore finds that Plaintiff has not pled a claim under vicarious liability and as such, it is required to prove that Defendant was on notice of the allegedly dangerous condition.

The Court neither affirms nor rejects Judge Otazo-Reyes's analysis on whether Plaintiff sufficiently identified the employee who allegedly created the dangerous condition. Because it

finds that this case only involves negligence under direct liability, it need not decide whether Plaintiff has adequately identified the employee purportedly responsible for creating the dangerous condition. All other portions of the record that have not been objected to have been reviewed and the Court finds no clear error in Judge Otazo-Reyes's analysis. *See Liberty Am. Ins. Grp.*, 199 F. Supp. 2d at 1276. Accordingly, the Court adopts Judge Otazo-Reyes's recommendations to grant in part and deny in part the Motion for Summary Judgment.

For the foregoing reasons, it is

**ADJUDGED** that United States Magistrate Otazo-Reyes's Report and Recommendations, (ECF No. 118), is **AFFIRMED** and **ADOPTED in part**.

Accordingly, it is **ADJUDGED** that:

1. Defendant's Motion for Summary Judgment, (ECF No. 57), is **GRANTED in part and DENIED in part**. Summary judgment is granted in favor of Defendant as to Plaintiff's claim for negligent design, and it is denied on all other respects.

2. Plaintiff's Objections, (ECF No. 122), are **OVERRULED**.

DONE AND ORDERED in Chambers at Miami, Florida this 10th day of February, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All counsel of record